■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STERLING DAVIS, Appellant. [633 NYS2d 791] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered March 15, 1993, convicting him of murder in the second degree, attempted murder in the second degree (three counts), assault in the first degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On October 3, 1991, just after midnight, the defendant and his codefendants, Richard Rodriguez and Freddy Carradero, acting in concert with one another, shot and killed Julio Hidalgo, wounded Wolfredo Ramos and Tony Montana, and shot at Alberto Vasquez. The defendant and his codefendants rode in a car driven by the defendant down Irving Avenue in Brooklyn, where the victims were gathered on the street. The defendant and his codefendants pointed several guns out of the car's windows, fired a barrage of shots at the victims, and sped away.

The defendant has failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that sufficient direct and circumstantial evidence was presented to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of out factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The Supreme Court properly admitted the evidence of a prior attack on Vasquez and Hidalgo in which the defendant participated since it showed that Vasquez had a prior opportunity to observe the defendant for the purpose of later identification *(see, People v Jamerson,* 119 AD2d 588; *see also, People v DeLeon,* 177 AD2d 641, 642). It is well settled that

"where the evidence of prior, uncharged criminal conduct has a bearing upon a material aspect of the People's case other than the accused's general propensity toward criminality * * * the probative value of the evidence justifies its admission, notwithstanding the potential for incidental prejudice" *(People v Santarelli,* 49 NY2d 241, 247; *People v Linton,* 166 AD2d 670, 671).

Finally, the sentence imposed was neither excessive nor harsh *(see, People v Suitte,* 90 AD2d 80). Altman, J. P., Hart, Friedmann and Krausman, JJ., concur.