■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL WILLIAMS, Appellant. [811 NYS2d 124]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered October 7, 2003, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly admitted evidence of the defendant's prior uncharged crimes (*see People v Alvino*, 71 NY2d 233 [1987]; *People v Ventimiglia*, 52 NY2d 350 [1981]; *People v Molineux*, 168 NY 264 [1901]; *People v Mendoza*, 7 AD3d 642 [2004]; *People v Gordon*, 308 AD2d 461 [2003]). Testimony regarding the defendant's prior assault against the complainant was properly admitted since that evidence was relevant to establish motive and to explain to the jury the sequence of events and the relationship between the defendant and the complainant, and since its probative value outweighed its potential prejudice (*see People v Correa*, 265 AD2d 338 [1999]).

The defendant's contention that the prosecutor's remarks during summation constituted reversible error is unpreserved for appellate review. The defendant either failed to object to the remarks, made only a general objection, or moved belatedly for a mistrial (*see* CPL 470.05 [2]; *People v Malave*, 7 AD3d 542 [2004]; *People v White*, 5 AD3d 511 [2004]; *People v Williams*, 305 AD2d 703 [2003]). In any event, the challenged remarks either were fair comment on the evidence, permissive rhetorical comment, or responsive to the defense counsel's summation (*see People v Filipe*, 7 AD3d 539 [2004]; *People v Adamo*, 309 AD2d 808, 809-810 [2003]).

The defendant's contentions raised in point one of his brief relating to the admissibility of the testimony by the police detective that the area in which the crime took place was a "high

crime area," and relating to the admissibility of the testimony by the complainant that police detectives told him that the defendant was being treated in the same hospital that he was being treated in, are unpreserved for appellate review and, in any event, are without merit. The defendant's remaining contentions raised in point one of his brief are without merit; the contentions raised in point two of his brief are unpreserved for appellate review and, in any event, are without merit. Schmidt, J.P., Rivera, Skelos and Lifson, JJ., concur.