■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE R. TRUMBACH, Appellant. [818 NYS2d 857]—

Mugglin, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered October 7, 2004, upon a verdict convicting defendant of the crimes of reckless endangerment in the first degree and attempted arson in the third degree.

Defendant appeals his convictions of reckless endangerment in the first degree and attempted arson in the third degree, claiming that the convictions were against the weight of the evidence and were based upon improperly admitted evidence. At trial, the prosecution sought to prove, without benefit of any eyewitness testimony, that during the early morning hours of February 3, 2004, defendant fired a 30.30 caliber round into the home of Barry Dodge, an individual involved in a relationship with defendant's paramour, Sandra Brajer, and that defendant attempted to incinerate Dodge's automobile which was parked in the driveway.

We do not find that defendant's convictions are against the weight of the evidence. In resolving such a challenge, we view the evidence in a neutral light and, if a conclusion contrary to guilt would not be unreasonable, we then weigh the relative probative force of any conflicting testimony and the relative strength of conflicting inferences that may be drawn therefrom (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Hawes*, 298 AD2d 706 [2002], *lv denied* 99 NY2d 582 [2003]). Here, the prosecution's testimony revealed that the police determined that gasoline had been poured over Dodge's automobile and all four tires had been slashed. Directly across the street from the Dodge house, the police discovered a Budweiser bottle cap and a handrolled cigarette butt. A set of footprints in the snow led down an embankment to Pierce Street, where defendant was located shortly after the incidents. As the police followed the footprints, they discovered an empty Remington 30.30 ammunition box, a beer bottle, a glove and, ultimately in a backyard on Pierce Street, a bag containing a gas-soaked blanket, a 30.30 rifle and a BB gun. When defendant was apprehended, the police found several 30.30 caliber bullets on his person and in his backpack, rolling paper, tobacco, a knife, matches, BB pellets and five rounds of 30.30 caliber ammunition. Moreover, the police testimony indicated that defendant smelled of gasoline. Defendant's DNA matched that found on the cigarette butt and the beer bottle. Although forensic testing failed to establish that the 30.30 caliber bullet recovered from Dodge's home was fired from the rifle discovered by the police or that defendant's fingerprints were on such rifle, we conclude that the foregoing evidence, when viewed in a neutral light, is sufficient to sustain the jury's verdict of guilty.

Next, defendant contends that admitting evidence of uncharged crimes against him was error. Specifically, this evidence was that defendant, shortly after midnight on January 1, 2004, went to Dodge's residence and banged on the bedroom window while yelling Brajer's name. Subsequently, defendant repeatedly telephoned the Dodge residence, resulting in his arrest for aggravated harassment. "Evidence of a prior uncharged crime is not admissible unless the evidence falls within a *Molineux* exception and its probative value outweighs the danger of undue prejudice" (*People v Abdullah*, 28 AD3d 940, 941 [2006] [citations omitted]). We agree that this evidence was properly admitted since it tended to establish motive on the part of defendant for his conduct. Although limiting instructions regarding the purpose of such evidence should have been given at the time the evidence was admitted, since they were given at the conclusion of the trial and as the record reflects that defendant received a

fair trial, we find no reversible error (*see People v Williams*, 50 NY2d 996, 998 [1980]), and are unpersuaded by defendant's argument on this issue (*see People v Dann*, 14 AD3d 795, 797 [2005], *lv denied* 4 NY3d 885 [2005]).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.