THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WRIGHT, Appellant. [821 NYS2d 531]—

Appeal from a judgment of the Erie County Court (Timothy J.

Drury, J.), rendered December 3, 2003. The judgment convicted defendant, upon a jury verdict, of arson in the second degree, criminal mischief in the second degree and reckless endangerment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, arson in the second degree (Penal Law § 150.15). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). We reject defendant's further contention that County Court erred in permitting testimony regarding defendant's financial and academic problems and conclude that the court properly determined that the probative value of that testimony outweighed any prejudicial effect (*see People v Trumbach*, 31 AD3d 1054 [2006]; *see generally People v Till*, 87 NY2d 835, 836-837 [1995]). Although we agree with defendant that the court erred in failing to give the requisite limiting cautionary instructions with respect to that testimony (*see Trumbach*, 31 AD3d at 1055; *see generally Till*, 87 NY2d at 837; *People v Satiro*, 72 NY2d 821, 822 [1988]), we conclude that the error is harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). We further conclude that, contrary to the contention of defendant, he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.