■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON CARTER, Appellant. [831 NYS2d 87]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered January 25, 2005, convicting him of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly declined to submit petit larceny and criminal possession of stolen property in the fifth degree as lesser-included offenses, since there was no reasonable view of the evidence that the defendant committed the lesser offenses without having committed the greater offenses (*see* CPL 300.50 [1]; *People v Glover,* 57 NY2d 61, 63 [1982]; *People v Scarborough,* 49 NY2d 364, 369, 371, 373 [1980]; *People v Miller,* 156 AD2d 265 [1989]).

Furthermore, the defendant's contention that the prosecutor's remarks on summation constituted reversible error is unpreserved for appellate review. The defendant either failed to object to the remarks, made only a general objection, failed to request curative instructions, or moved belatedly for a mistrial (*see* CPL 470.05 [2]; *People v Williams,* 27 AD3d 673 [2006], *lv denied* 7 NY3d 796 [2006]; *People v Malave,* 7 AD3d 542 [2004]). In any event, the challenged remarks, for the most part, were fair comment on the evidence, permissible rhetorical comment, or responsive to the defense counsel's summation (*see People v Rhodes,* 11 AD3d 487, 488 [2004]; *People v Jones,* 294 AD2d 517, 517-518 [2002]). To the extent that the prosecutor may have exceeded the bounds of permissible rhetorical comment, any error was harmless. Crane, J.P., Skelos, Lifson and Dillon, JJ., concur.