THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL DIAZ, Appellant. [832 NYS2d 371]—

Appeal from a judgment of the Monroe County Court (Elma A. Bellini, J.), rendered October 6, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [3] [felony murder]) and robbery in the first degree (§ 160.15 [4]). Contrary to defendant's contention, County Court properly permitted, after a Ventimiglia hearing, evidence of a previous encounter involving defendant and the victim (see People v Davis, 220 AD2d 682 [1995], lv denied 87 NY2d 900 [1995]). Contrary to the further contention of defendant, the court properly refused to grant a mistrial and avoided any possible violation pursuant to People v McNab (167 AD2d 858 [1990]) by striking the testimony with respect to acts constituting an unindicted robbery, giving the jury curative instructions with respect to that testimony and, most importantly, instructing the jury that the People were required to prove only the elements of the indicted robbery in order to find defendant guilty of robbery and felony murder (see People v Whitfield, 255 AD2d 924 [1998], lv denied 93 NY2d 981 [1999]). Also contrary to the contention of defendant, because there was no reasonable view of the evidence that defendant was merely present at the crime scene, the court properly refused to give a jury charge on accessorial liability (see CJI2d[NY] Accessorial Liability [rev Aug. 3, 2004]). We also reject the contention of defendant that the court erred

in refusing to suppress his photograph taken by the police at the crime scene. The police lawfully stopped defendant based on a founded suspicion that he had been involved in a crime (*see generally People v De Bour*, 40 NY2d 210, 223 [1976]), and the police obtained defendant's consent before taking the photograph. The sentence is not unduly harsh or severe. Present— Hurlbutt, J.P., Gorski, Fahey, Peradotto and Green, JJ.