THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAR T. JONES, Appellant. [843 NYS2d 880]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered January 18, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and attempted murder in the second degree (§§ 110.00, 125.25 [1]). We reject the contention of defendant that he was denied a fair trial when County Court allowed the People to present the testimony of a witness concerning a prior physical altercation between defendant and that witness. The altercation occurred approximately 10 to 14 days prior to the commission of the crimes of which he ultimately was convicted, and testimony concerning that prior altercation was relevant in establishing defendant's motive for shooting at a group of men that included the witness (*see People v Trumbach*, 31 AD3d 1054, 1055 [2006]; *People v Williams*, 27 AD3d 673 [2006], *lv denied* 7 NY3d 796 [2006]; *see also People v James*, 19 AD3d 616 [2005], *lv denied* 5 NY3d 807 [2005]). Contrary to defendant's contention, the probative value of the testimony concerning the prior altercation outweighed its prejudicial effect (*see Trumbach*, 31 AD3d at 1055; *Williams*, 27 AD3d 673 [2006]). Contrary to defendant's further contention, evidence of the prior altercation was also properly admitted to establish defendant's identity (*see People v Davis*, 220 AD2d 682 [1995], *lv denied* 87 NY2d 900 [1995]; *cf. People v Austin*, 13 AD3d 1196, 1197 [2004], *lv denied* 5 NY3d 785 [2005]).

We reject the further contention of defendant that he was denied a fair trial by the admission in evidence of certain autopsy photographs of the murder victim. "The general rule is that photographs of the deceased are admissible if they tend to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered" (*People v Pobliner,*

32 NY2d 356, 369 [1973], *rearg denied* 33 NY2d 657 [1973], *cert denied* 416 US 905 [1974]). "Photographic evidence should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (*id.* at 370). Here, the three photographs at issue were relevant to prove the identity of the murder victim, to show an intent to kill and to corroborate the Medical Examiner's testimony concerning the cause of death, and thus the court did not abuse its discretion in admitting the photographs in evidence (*see People v Law*, 273 AD2d 897, 898 [2000], *lv denied* 95 NY2d 965 [2000]; *People v Brown*, 254 AD2d 781, 782 [1998], *lv denied* 92 NY2d 1029 [1998]).

There also is no merit to the contention of defendant that his due process rights were violated by an unduly suggestive pretrial photo array identification procedure. Generally, "[a] photographic array must contain only photographs of individuals who are of similar age and appearance to the suspect" (*People v Means*, 35 AD3d 975, 975 [2006], *lv denied* 8 NY3d 948 [2007]). Here, the individuals depicted were not all similar in appearance because the police had not yet focused on defendant as a particular suspect, and the police showed the witness over 50 photographs before he identified defendant (*see People v Burgos*, 204 AD2d 344 [1994]; *People v Campos*, 197 AD2d 366 [1993], *lv denied* 82 NY2d 892 [1993]). Inasmuch as "[t]he composition and presentation of the photo array were such that there was no reasonable possibility that the attention of the witness would be drawn to defendant as the suspect chosen by the police," it cannot be said that the photo array was unduly suggestive (*People v Sylvester*, 32 AD3d 1226, 1227 [2006], *lv denied* 7 NY3d 929 [2006]; *see People v Ofield*, 280 AD2d 978, 979 [2001], *lv denied* 96 NY2d 832 [2001]; *People v Brown*, 169 AD2d 934, 935 [1991], *lv denied* 77 NY2d 958 [1991]). Defendant further contends that the identification procedure was unduly suggestive because the witness saw the surnames of the individuals depicted in the photographs. We reject that contention. The witness told the police that he did not know the last name of the perpetrator, and thus defendant failed to meet his burden of establishing that the attention of the witness was drawn to defendant's photograph because he saw defendant's surname.

We also reject defendant's contention that the court failed to exercise its discretion at the time of sentencing because, during a midtrial plea negotiation, the court stated that it would consider imposing concurrent sentences only if defendant accepted the plea agreement, and the court ultimately imposed a consecutive sentence for the count of attempted murder. "The

determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (*People v Farrar*, 52 NY2d 302, 305 [1981]). Here, the record establishes that the court was aware of and considered all relevant factors, including those set forth in the presentence report, and exercised its discretion in sentencing defendant (*see People v Pedraza*, 66 NY2d 626 [1985]; *People v Fordley*, 55 AD2d 974 [1977]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Gorski, Lunn, Fahey and Peradotto, JJ.