# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

295

KA 12-01680

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT

V                                          MEMORANDUM AND ORDER

RAFAEL DIAZ, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Monroe County Court (James J. Piampiano, J.), entered August 21, 2012. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of murder in the second degree and robbery in the first degree.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted following a jury trial of murder in the second degree (Penal Law § 125.25 [3] [felony murder]) and robbery in the first degree (§ 160.15 [4]), and the judgment of conviction was affirmed on appeal (*People v Diaz*, 38 AD3d 1314, *lv denied* 9 NY3d 864). Defendant thereafter moved pursuant to CPL 440.10 to vacate the judgment on the ground that he was denied effective assistance of counsel at trial. County Court summarily denied the motion, and we granted defendant's CPL 460.15 application for a certificate granting leave to appeal.

"To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient conduct (*People v Rivera*, 71 NY2d 705, 709; *see People v Benevento*, 91 NY2d 708, 712-713). At trial, the People were limited to using the indicted robbery as the underlying felony for the felony murder charge, and were precluded from using an unindicted robbery of the murder victim as the underlying felony (*see Diaz*, 38 AD3d at 1314). In his CPL 440.10 motion, defendant contended that trial counsel was ineffective in failing to use the statement of his codefendant at trial inasmuch as that statement supported the theory that the fatal shooting occurred during the robbery of the murder

victim and not the victim of the indicted robbery. We reject that contention inasmuch as the statement of the codefendant, together with the other evidence at the trial, established that the fatal shooting occurred during the robbery of both the murder victim and the victim of the indicted robbery. The statement of the codefendant would not have undermined the People's theory and proof at trial but, rather, would have undermined trial counsel's reasonable defense strategy to preclude any evidence of the unindicted robbery. Trial counsel's decision not to use the statement of the codefendant therefore cannot be characterized as ineffective assistance of counsel (*see Benevento*, 91 NY2d at 712-713).

Entered: March 28, 2014                              Frances E. Cafarell
                                                     Clerk of the Court