People v Benton (2018 NY Slip Op 08808)





People v Benton


2018 NY Slip Op 08808


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND NEMOYER, JJ.


1218 KA 15-01595

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERRY BENTON, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (ELIZABETH RIKER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered June 19, 2015. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law
§ 125.20 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Contrary to defendant's contention, we conclude that County Court did not abuse its discretion in denying his request for an adjournment to afford defense counsel additional time to prepare for trial. " [T]he granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court' " (People v Diggins, 11 NY3d 518, 524 [2008]), and "[t]he court's exercise of discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice" (People v Arroyo, 161 AD2d 1127, 1127 [4th Dept 1990], lv denied 76 NY2d 852 [1990]). Defendant did not make that showing here.
Upon our review of the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, we reject defendant's further contention that he received ineffective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Additionally, defendant correctly concedes that he failed to preserve for our review his contention with respect to alleged prosecutorial misconduct (see CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's contention, we conclude that "the record reflects that the court properly exercised its discretion in sentencing defendant after careful consideration of all facts available' " (People v Brudecki, 32 AD3d 1255, 1255 [4th Dept 2006], lv denied 7 NY3d 924 [2006], reconsideration denied 8 NY3d 920 [2007], quoting People v Farrar, 52 NY2d 302, 305 [1981]; see People v Jones, 43 AD3d 1296, 1299 [4th Dept 2007], lv denied 9 NY3d 991 [2007], reconsideration denied 10 NY3d 812 [2008]). Finally, the sentence is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court