■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MURIEL-HERRERA, Also Known as JUNEBO, Appellant. [892 NYS2d 150]—

The evidence presented at the suppression hearing established that both witnesses had told the police that they knew the defendant well before they were asked to identify him in a photo array. This demonstrated that the identifications were merely confirmatory (*see People v Rodriguez,* 79 NY2d 445 [1992]). Therefore, the County Court properly denied that branch of the defendant's motion which was to suppress identification testimony.

The defendant was not denied the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137 [1981]).

A granting of an adjournment for any purpose is a matter of discretion for the trial court (*see People v Singleton,* 41 NY2d 402, 405 [1977]; *People v Oskroba,* 305 NY 113, 117 [1953]). Here, the County Court providently exercised its discretion in denying the defense counsel's motion for a two-week adjournment in the middle of jury selection.

The defendants' contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review, as defense counsel merely made a general motion for a trial order of dismissal based upon the People's alleged failure to make out a prima facie case (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The courts possess an inherent power to correct clerical errors (*see People v Minaya,* 54 NY2d 360, 364 [1981], *cert denied* 455 US 1024 [1982]). "This power exists in criminal as well as civil cases and has been held specifically applicable to errors relating to sentence" (*id.* at 364 [citation omitted]). Here, the court erroneously stated that it was sentencing the defendant

for criminal possession of a weapon in the fourth degree in connection with his conviction on count 10 of the indictment. In fact, the defendant was acquitted of count 10, but convicted of criminal possession of a weapon in the fourth degree on count 11. The court properly corrected this error in the defendant's uniform sentence and commitment sheet, and we see no need to remit the matter for resentencing. Moreover, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Skelos, J.P., Eng, Austin and Roman, JJ., concur.