Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered June 14, 2011, convicting him of murder in the first degree, murder in the second degree (two counts), and burglary in the first degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since he did not move to withdraw his plea of guilty prior to the imposition of sentence (see People v Clarke, 93 NY2d 904 [1999]; People v Cohen, 100 AD3d 919 [2012]). In any event, it appears from this record that the defendant’s decision to plead guilty was a legitimate strategic decision (see People v Mack, 90 AD3d 1317, 1322 [2011]).
The defendant’s claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “ ‘mixed claim [ ]’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance *917 cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
The defendant’s remaining contentions are without merit, or need not be addressed in light of our determination. Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.