# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**508**

**KA 07-01185**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHN GAYDEN, JR., DEFENDANT-APPELLANT.

---

EFTIHIA BOURTIS, ROCHESTER, FOR DEFENDANT-APPELLANT.

JOHN GAYDEN, JR., DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered April 20, 2007.  The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]).  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  We further reject defendant's contention that Supreme Court erred in allowing the People to present the testimony of an expert witness concerning child sexual abuse accommodation syndrome (CSAAS).  "Expert testimony concerning CSAAS is admissible to assist the jury in understanding the unusual conduct of victims of child sexual abuse where, as here, the testimony is general in nature and does 'not attempt to impermissibly prove that the charged crimes occurred' " (*People v Filer*, 97 AD3d 1095, 1096, *lv denied* 19 NY3d 1025, quoting *People v Carroll*, 95 NY2d 375, 387; *see generally People v Diaz*, 20 NY3d 569, 575-576).  In this case, the People properly offered the expert's testimony "for the purpose of instructing the jury about possible reasons why a child might not immediately report incidents of sexual abuse" (*Carroll*, 95 NY2d at 387), and the court properly prevented the prosecutor from "tailor[ing] hypothetical questions to include facts concerning the abuse that occurred in this particular case" (*People v Williams*, 20 NY3d 579, 584).

Contrary to defendant's contention, the court did not err in denying his challenge for cause to a prospective juror. "Although the prospective juror initially expressed 'a state of mind that [was] likely to preclude [him] from rendering an impartial verdict based upon the evidence adduced at the trial' (CPL 270.20 [1] [b]), [he] ultimately stated unequivocally that [he] could follow the law and be fair and impartial" (*People v Gladding*, 60 AD3d 1401, 1402, *lv denied* 12 NY3d 925; *see People v Johnson*, 94 NY2d 600, 614). Additionally, we conclude that the sentence is not unduly harsh or severe.

In his main and pro se supplemental briefs, defendant contends that he was denied his right to effective assistance of counsel. We reject that contention. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

In his pro se supplemental brief, defendant contends that the prosecutor's summation and the court's charge impermissibly changed the theory of the prosecution. Although defendant failed to preserve that contention for our review, we address it because "the right of an accused to be tried and convicted of only those crimes and upon only those theories charged in the indictment is fundamental and nonwaivable" (*People v McCallar*, 53 AD3d 1063, 1064, *lv denied* 11 NY3d 833 [internal quotation marks omitted]). We conclude that "defendant received the requisite ' "fair notice of the accusations against him" ' " (*id.* at 1065, quoting *People v Grega*, 72 NY2d 489, 495). The indictment included allegations that, between January 26 and August 31, 2006, defendant "engaged in two or more acts of sexual conduct, which included at least one act of oral sexual conduct and anal sexual conduct, with a child less than thirteen years old." The court, however, instructed the jury that the elements of the charged offense included the commission of "at least one act of *sexual intercourse*, oral sexual conduct, anal sexual conduct, or *aggravated sexual conduct or contact*" (emphasis added), and the charge included the statutory definitions of the terms "sexual intercourse" and "aggravated sexual contact." Nevertheless, at trial there was no evidence of sexual intercourse or aggravated sexual contact. Thus, "[w]hile the trial court should not have charged [the] statutory definitions of [sexual intercourse and aggravated sexual contact], but instead should have tailored its instructions to the case before it, on this record . . . the additional portion of the charge had no potential for prejudicing defendant, and thus was harmless error" (*Grega*, 72 NY2d at 497).

Entered:  June 7, 2013                          Frances E. Cafarell
                                                Clerk of the Court