THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD GOPAUL, Appellant. [977 NYS2d 95]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered September 8, 2010, as amended September 10, 2010, convicting him of criminal sexual act in the first degree (six counts), sexual abuse in the first degree (six counts), criminal sexual act in the second degree, criminal sexual act in the third degree (two counts), assault in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The Supreme Court providently exercised its discretion in permitting the testimony of the People's expert witness on the subject of adolescent sexual abuse. "Expert testimony is properly admitted if it helps to 'clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror' " (*People v Diaz*, 20 NY3d 569, 575 [2013], quoting *De Long v County of Erie*, 60 NY2d 296, 307 [1983]; *see People v Williams*, 20 NY3d 579, 583 [2013]). "[E]xpert testimony regarding rape trauma syndrome, abused child syndrome or similar conditions may be admitted to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand" (*People v Carroll*, 95 NY2d 375, 387 [2000]; *see People v Diaz*, 20 NY3d at 575-576). The expert's testimony was properly admitted to explain the issue of delayed disclosure and to counter the defense claim that the complainant fabricated the sexual abuse allegations when her parents objected to her having a boyfriend (*see People v Wallis*, 24 AD3d 1029, 1033 [2005]). The testimony was also properly admitted to explain why the complainant did not recall with specificity when certain of the alleged incidents occurred, and why victims of adolescent sexual abuse may manifest a "flat affect" when testifying. The testimony was "general in nature and does not attempt to impermissibly prove that the

charged crimes occurred" (*People v Ennis*, 107 AD3d 1617, 1619 [2013] [internal quotation marks omitted]; *see People v Gayden*, 107 AD3d 1428, 1428 [2013]). To the extent the expert testified as to an abuser's behavior patterns, such testimony was admissible to help explain "why victims may accommodate abusers and why they wait before disclosing the abuse" (*People v Williams*, 20 NY3d at 584; *see People v Diaz*, 20 NY3d at 575).

The defendant's contention that he was deprived of a fair trial by certain comments made by the prosecutor in his opening statement and summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Thompson*, 99 AD3d 819, 819 [2012]; *People v Umoja*, 70 AD3d 867, 868 [2010]; *People v Tate*, 275 AD2d 380, 381 [2000]). In any event, to the extent that some of the challenged comments were improper, they were not so flagrant or pervasive as to deprive the defendant of a fair trial (*see People v Ward*, 106 AD3d 842, 843 [2013]; *People v Philbert* 60 AD3d 698, 699 [2009]; *People v Almonte*, 23 AD3d 392, 394 [2005]).

The Supreme Court erred in denying the defendant's request for a missing witness charge with respect to the police officer who took him into custody at the police station and in permitting certain testimony by the complainant and the complainant's friend that constituted improper bolstering. However, the errors were harmless, as the evidence of guilt was overwhelming and there was no significant probability that the errors contributed to the defendant's convictions (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Sweeney*, 92 AD3d 810, 811 [2012]; *People v Smalls*, 81 AD3d 669, 670 [2011]). Skelos, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.