Appeal by the defendant from a judgment of the County Court, Dutchess County (T. Dolan, J.), rendered August 1, 2006, convicting him of course of sexual conduct against a child in the first degree, rape in the first degree, and rape in the second degree (20 counts), upon a jury verdict, and sentencing him to a determinate term of imprisonment of 12 years followed by a period of five years of postrelease supervision on the conviction of course of sexual conduct against a child in the first degree, to run consecutively to the sentences imposed upon the convictions of rape in the second degree and rape in the first degree, indeterminate terms of imprisonment of 2 Vs to 7 years on the convictions of rape in the second degree, to run concurrently with each other, and a determinate term of imprisonment of 12 years followed by a period of five years of postrelease supervi *907 sion on the conviction of rape in the first degree, to run consecutively to the sentences imposed upon the convictions of sexual conduct against a child in the first degree and rape in the second degree.
Ordered that the judgment is modified, on the law, by directing that the terms of imprisonment imposed upon the convictions of course of sexual conduct against a child in the first degree and rape in the second degree under count two of the indictment shall run concurrently with each other; as so modified, the judgment is affirmed.
Contrary to the People’s contention, the defendant’s argument that the evidence was legally insufficient to support his convictions is preserved for appellate review (see CPL 470.05 [2]; People v Beriguete, 51 AD3d 939, 940 [2008]; People v Mendez, 34 AD3d 697, 698 [2006]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of course of sexual conduct in the first degree, rape in the first degree, and rape in the second degree (20 counts), beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to all of the crimes of which the defendant was convicted was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The County Court providently exercised its discretion in permitting the expert testimony of Dr. Eileen Treacy on the subject of child sexual accommodation syndrome. “ ‘Expert testimony is properly admitted if it helps to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror’ ” (People v Gopaul, 112 AD3d 966, 966 [2013] [internal quotation marks omitted], quoting People v Diaz, 20 NY3d 569, 575 [2013]; see People v Williams, 20 NY3d 579, 583 [2013]). “[E]xpert testimony regarding rape trauma syndrome, abused child syndrome or similar conditions may be admitted to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand” (People v Carroll, 95 NY2d 375, 387 [2000]). Dr. Treacy’s testimony was properly admitted to explain why a child’s disclosure of sexual abuse may be delayed (see People v Williams, 20 NY3d at 584; People v Diaz, *908 20 NY3d at 575; People v Carroll, 95 NY2d at 387; People v Gopaul, 112 AD3d at 966; People v Gayden, 107 AD3d 1428, 1429 [2013]). Contrary to the defendant’s contention, Dr. Treacy’s testimony was general in nature and did not impermissibly suggest that the charged crimes occurred (see People v Diaz, 20 NY3d at 575; People v Carroll, 95 NY2d at 387; People v Gopaul, 112 AD3d at 966).
“A granting of an adjournment for any purpose is a matter of discretion for the trial court” (People v Muriel-Herrera, 68 AD3d 1135, 1136 [2009]). Here, the County Court providently exercised its discretion in denying defense counsel’s request for an adjournment for preparation of a memorandum (cf. People v McRae, 62 AD3d 723, 724. [2009]), and in denying defense counsel’s request for an adjournment of the sentencing hearing (see People v Hardy, 294 AD2d 516 [2002]).
The defendant was convicted, under count one of the indictment, of course of sexual conduct against a child in the first degree, for engaging in two or more acts of sexual conduct with the victim occurring over a period of time not less than three months between July 1998 and June 3, 1999 (see Penal Law § 130.75 [1] [a]). The defendant was also convicted, under count two of the indictment, of rape in the second degree, for engaging in sexual intercourse with the victim in June 1999 (see Penal Law § 130.30 [1]). The sentences imposed upon the defendant’s convictions under counts one and two were improperly made to run consecutively, rather than concurrently (see Penal Law § 70.25 [2-e]; People v Wood, 37 AD3d 283 [2007]). However, contrary to the defendant’s contention, the County Court properly directed that the sentence imposed upon his conviction of course of sexual conduct against a child in the first degree was to run consecutively to the sentences imposed upon the other convictions of rape in the second degree, inasmuch as each of these counts of rape in the second degree involved separate sexual acts that happened after June 3, 1999.
The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80, 85-86 [1982]).
The defendant’s remaining contentions are unpreserved for appellate review (see CPL 470.05 [2]), and we decline to review them in the exercise of our interest of justice jurisdiction.
Dillon, J.P, Dickerson, Cohen and Duffy, JJ., concur.