■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FITZ CARTER, Appellant. [58 NYS3d 406]—Appeal by the defendant from a judgment of the County Court, Westchester County (Warhit, J.), rendered October 7, 2014, convicting him of attempted rape in the first degree, sexual abuse in the first degree, attempted rape in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contentions that the People elicited improper bolstering testimony from police officers and a medical doctor are unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the testimony was properly admitted as background information to explain the events that led to the defendant's arrest (*see People v Gross*, 26 NY3d 689, 695 [2016]; *People v Brody*, 82 AD3d 784 [2011]; *People v Walker*, 70 AD3d 870 [2010]). The victim's statements to the medical doctor were relevant to diagnosis and treatment and were properly admitted (*see People v Spicola*, 16 NY3d 441, 451 [2011]; *People v Ortega*, 15 NY3d 610, 620 [2010]; *People v Dumancela*, 136 AD3d 1053, 1053 [2016]).

The defendant's challenge to the expert testimony of psychologist Donald Lewittes is unpreserved for appellate review. In any event, the County Court providently exercised its discretion in permitting the testimony of Lewittes on the subject of intra-familial child adolescent sexual abuse syndrome. "Expert testimony is properly admitted if it helps to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (*People v Gopaul*, 112 AD3d 966, 966 [2013] [internal quotation

marks omitted]; *see People v Williams*, 20 NY3d 579, 583 [2013]; *People v Davis*, 118 AD3d 906, 907-908 [2014]). "[E]xpert testimony regarding rape trauma syndrome, abused child syndrome or similar conditions may be admitted to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand" (*People v Carroll*, 95 NY2d 375, 387 [2000]; *see People v Davis*, 118 AD3d at 907-908). Lewittes' testimony was properly admitted to explain why a child may recant an allegation of sexual abuse (*see People v Nicholson*, 26 NY3d 813 [2016]; *People v Williams*, 20 NY3d at 584; *People v Carroll*, 95 NY2d at 387; *People v Adams*, 135 AD3d 1154, 1157 [2016]; *People v Davis*, 118 AD3d at 907-908; *People v Gopaul*, 112 AD3d at 966).

The defendant's contentions regarding the People's use of grand jury testimony to impeach their own witness pursuant to CPL 60.35 are unpreserved for appellate review. In any event, the County Court providently exercised its discretion in permitting the People to impeach the victim with her grand jury testimony (*see People v Fountain*, 102 AD3d 887 [2013]; *People v Picente*, 35 AD3d 1210, 1211 [2006]; *People v Dalton*, 27 AD3d 779, 782 [2006]; *People v Wieber*, 202 AD2d 789, 790 [1994]; *People v Broomfield*, 163 AD2d 403, 403-404 [1990]).

The defendant's contentions regarding the DNA evidence are unpreserved for appellate review and, in any event, without merit (*see People v Ortiz*, 80 AD3d 628, 630 [2011]).

The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.