People v Bryant (2018 NY Slip Op 01476)





People v Bryant


2018 NY Slip Op 01476


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2011-03441
2011-03442
2011-03443

[*1]The People of the State of New York, respondent,
v
Tony Bryant, appellant. (Ind. Nos. 09-01315, 09-01355, 09-01637)


Jerry F. Kebrdle II, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from three judgments of the Supreme Court, Westchester County (Richard A. Molea, J.), all rendered March 1, 2011, convicting him of murder in the first degree, murder in the second degree, and conspiracy in the second degree under Indictment No. 09-01637, attempted criminal sale of a controlled substance in the third degree under Indictment No. 09-01315, and attempted criminal possession of a controlled substance in the third degree under Indictment No. 09-1355, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341-342). The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the factual sufficiency of his plea allocutions (see People v Hutter, 154 AD3d 776; People v Thompson, 143 AD3d 1007, 1008; People v Pinero, 138 AD3d 763, 764).
However, the defendant's contention that his pleas of guilty were not knowing, voluntary, and intelligent survives his valid waiver of the right to appeal (see People v Magnotta, 137 AD3d 1303). Contrary to the defendant's contention, the record reflects that his pleas of guilty were knowingly, voluntarily, and intelligently entered (see People v Seeber, 4 NY3d 780, 781; People v Fiumefreddo, 82 NY2d 536, 543).
The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel, which affected the voluntariness of his pleas, is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824, 825; People v Brown, 45 NY2d 852, 853). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its [*2]entirety (see People v Carter, 151 AD3d 877, 878; People v Cunningham, 103 AD3d 916, 916-917).
The defendant's remaining contention is without merit.
AUSTIN, J.P., ROMAN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court