People v Bird (2018 NY Slip Op 06105)





People v Bird


2018 NY Slip Op 06105


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-04086
 (Ind. No. 932/14)

[*1]The People of the State of New York, respondent,
v
Jonathan Bird, appellant.


Mark Diamond, New York, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (David P. Sullivan, J.), rendered April 25, 2016, convicting him of robbery in the second degree and assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341-342; People v Bryant, 159 AD3d 715, 716).
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent survives his valid waiver of the right to appeal (see People v Magnotta, 137 AD3d 1303). However, the record reflects that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Seeber, 4 NY3d 780, 781; People v Fiumefreddo, 82 NY2d 536, 543).
The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel, which affected the voluntariness of his plea, is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824, 825; People v Brown, 45 NY2d 852, 853). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Carter, 151 AD3d 877, 878; People v Cunningham, 103 AD3d 916, 916-917).
The defendant's valid waiver of his right to appeal precludes appellate review of his contentions regarding the propriety of the Supreme Court's suppression ruling, the propriety of the procedure used to adjudicate him a second violent felony offender, and the alleged excessiveness of his sentence (see People v Bryant, 28 NY3d 1094, 1096; People v Sanders, 25 NY3d at 341-342; People v Lopez, 6 NY3d 248, 257; People v Kemp, 94 NY2d 831, 833; People v Williams, 36 NY2d [*2]829, 830; People v Darrow, 161 AD3d 1000; People v Rohs, 140 AD3d 800).
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court