People v Washington (2020 NY Slip Op 07922)





People v Washington


2020 NY Slip Op 07922


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-03933
 (Ind. No. 952/13)

[*1]The People of the State of New York, respondent,
v
Kyan Washington, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Terrence F. Heller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (ShawnDya L. Simpson, J.), rendered March 21, 2017, as amended March 23, 2017, convicting him of rape in the first degree, criminal sexual act in the first degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of rape in the first degree, criminal sexual act in the first degree (two counts), and endangering the welfare of a child. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in permitting the prosecution to call an expert to testify about rape trauma syndrome, as the testimony was properly admitted "to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand" (People v Carroll, 95 NY2d 375, 387; see People v Davis, 118 AD3d 906, 907). Moreover, the expert "spoke about victims in general and never opined that the defendant committed the crimes, that the victim was sexually abused, or that the victim's specific actions and behavior were consistent with abuse" (People v Rich, 78 AD3d 1200, 1202; see People v Piedra, 87 AD3d 706, 706).
The defendant's contention that he was deprived of a fair trial as a result of prosecutorial misconduct is without merit (see People v Grace, 179 AD3d 1092, 1093; People v Rich, 78 AD3d at 1201-1202).
The contentions raised in point I of the defendant's pro se supplemental brief are unpreserved for appellate review (see CPL 470.05[2]), and we decline to reach them in the exercise of our interest of justice jurisdiction.
CHAMBERS, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court