People v Germain (2022 NY Slip Op 01315)





People v Germain


2022 NY Slip Op 01315


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2020-01679
 (Ind. No. 429/19)

[*1]The People of the State of New York, respondent,
v
Patrice Germain, appellant.


Glenn Garber, New York, NY (Nora Stewart of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Rosalind C. Gray and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Richard Ambro, J.), rendered January 21, 2020, convicting him of rape in the first degree, criminal sexual act in the first degree, sexual abuse in the first degree (three counts), and criminal obstruction of breathing or blood circulation, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence with regard to his conviction of rape in the first degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish his guilt of the crime of rape in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial by the admission of certain evidence relating to the complainant's mental and physical condition following the incident is unpreserved for appellate review (see CPL 470.05[2]). In any event, the evidence was properly admitted (see People v Troche, 159 AD3d 735, 737; People v Miller, 78 AD3d 733, 734).
The defendant's contention that the County Court erred in permitting the prosecution to call an expert to testify about rape trauma syndrome is similarly unpreserved for appellate review (see CPL 470.05[2]). In any event, the testimony was properly admitted "to explain behavior of a victim that might appear unusual" (People v Carroll, 95 NY2d 375, 387; see People v Washington, 189 AD3d 1470, 1471; People v Davis, 118 AD3d 906, 907).
The defendant was not deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court