■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FRALEY, Also Known as ICE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered June 6, 1989, convicting him of murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that he was denied his right to a fair trial by reason of a detective's mistaken testimony during the pretrial *Wade* hearing that one of two particular witnesses was unable to identify the defendant from a photographic array. The testimony of the detective was correct, except that he mistakenly switched the names of the two witnesses, Roger Young and Anthony Montenegro, and incorrectly indicated that Montenegro had been unable to identify the defendant. During trial, the People presented Montenegro, but did not elicit any identification testimony from him. On cross-examination, defense counsel asked Montenegro, "And didn't you tell the police officer at that time that you could not identify the person who Ed [Miles] was chasing?" Montenegro responded, "No, I did not. He asked me, he asked me could I identify him", at which point defense counsel adeptly changed the course of questioning. During a subsequent recess, the prosecutor learned and explained to the court that the detective's notebook in connection with the crime indicated that Montenegro made a positive identification of the defendant while Young was unable to do so. At that time, the detective was on vacation, but the court offered the defendant an opportunity to postpone the trial until the

detective returned, in order to resolve the matter. The defendant declined this opportunity, and defense counsel subsequently elicited from Montenegro that he had looked at pictures and had made an identification.

The defendant now contends that he was prejudiced by this testimony, and the prejudice warrants reversal of his conviction. We disagree. The initial comment by Montenegro merely suggested that he did not tell the police officer that he could not identify the person Miles was chasing. Montenegro did not mention the photographic array, nor did he positively state that he told the police officer anything. We do not find this comment prejudicial (cf., People v Andrews, 125 AD2d 478). With regard to the remainder of the allegedly prejudicial remarks of which the defendant complains, they were elicited by defense counsel, and could have been avoided since the defendant was at that point on notice of what the detective's notebook indicated. Moreover, any possible prejudice which may have accrued to the defendant was harmless in light of the overwhelming evidence of his guilt (see, People v Crimmins, 36 NY2d 230).

We find the defendant's further contention that prosecutorial remarks during summation deprived him of a fair trial without merit. The allegedly improper comments were either promptly cured at trial (see, People v Galloway, 54 NY2d 396), fair comment on the evidence (see, People v Brown, 124 AD2d 667), or a proper response to defense counsel's vigorous attack on the People's witnesses (see, People v Waldron, 154 AD2d 635). Sullivan, J. P., Balletta, Eiber and O'Brien, JJ., concur.