■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE NORMAN, JR., Appellant. [837 NYS2d 694]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marcus, J.), rendered January 11, 2006, convicting him of violating Election Law § 14-126 (4) (two counts), falsifying business records in the first degree, and falsifying business records in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant, a candidate for re-election to the New York State Assembly in 2000 and 2002, was charged, inter alia, with knowingly and willfully soliciting Ralph Bombardiere, the executive director of the New York State Association of Service Stations and Repair Shops (hereinafter the Service Stations Association), to pay certain campaign expenses the defendant had incurred for his 2000 and 2002 Democratic primary campaigns in amounts exceeding those permitted by article 14 of the Election Law for each campaign cycle, and with causing those

expenditures and payments made by the Service Stations Association as "in-kind" contributions to be omitted from the records of the defendant's campaign committee, with the intent to defraud and to conceal his illegal solicitations.

The defendant's contention that the prosecution failed to prove by legally sufficient evidence the elements, including his mental culpability, of the crimes of which he was convicted is unpreserved for appellate review because the defendant did not raise these claims in his motion to dismiss (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 20-21 [1995]; People v Bynum, 70 NY2d 858, 859 [1987]; People v Crawford, 199 AD2d 406 [1993]). In any event, the evidence, viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), was legally sufficient to establish beyond a reasonable doubt the defendant's guilt, including his mental culpability. Resolution of issues of credibility is primarily a matter to be determined by the jury which saw and heard the witnesses, and its determination should be accorded great weight on appeal (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]). Upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, supra).

After a hearing, the Supreme Court permitted the People to introduce specified evidence that indicated uncharged criminal activity. The defendant's contention that this ruling was improper is without merit. Although evidence of prior crimes or bad acts is not admissible to show a defendant's predisposition to criminal conduct (see People v Molineux, 168 NY 264, 291-293 [1901]), such evidence is admissible when it is relevant to prove an element of the crime charged, and the probative value of the evidence outweighs the potential prejudice to the defendant (see People v Ingram, 71 NY2d 474, 479-480 [1988]; cf. People v Hudy, 73 NY2d 40, 54-55 [1988]). The Supreme Court providently exercised its discretion in determining that the probative value of this evidence outweighed the potential prejudice to the defendant (see People v Alvino, 71 NY2d 233, 247 [1987]; People v Burton, 186 AD2d 672, 672-673 [1992]). Similarly, the defendant's challenge to the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) is without merit. The court struck an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the possible prejudice to the defendant (see People v Springer, 13 AD3d 657, 658 [2004]).

The defendant's further contention, that he was denied a fair

trial because the court failed to give adequate limiting instructions to the jury regarding the purpose for which the evidence of prior uncharged crimes and bad acts was received, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Wright*, 5 AD3d 873, 876 [2004]; *People v Henry*, 215 AD2d 776, 777 [1995]; *People v Parsons*, 150 AD2d 614, 615 [1989]). In any event, since the trial court did include such limiting instructions in its preliminary remarks and in its charge to the jury, the omission of such instruction at the time the evidence was admitted did not deprive the defendant of a fair trial (*see People v Trumbach*, 31 AD3d 1054, 1055-1056 [2006]).

The defendant's remaining contentions concerning lack of adequate limiting instructions on his cross-examination regarding prior crimes and complaining of prosecutorial misconduct are unpreserved for appellate review. In any event, any such errors did not deprive the defendant of a fair trial. Crane, J.P., Skelos, Covello and Dickerson, JJ., concur.