■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENISE DUNHAM, Appellant. [913 NYS2d 239]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Loehr, J.), rendered August 1, 2008, convicting her of grand larceny in the third degree (two counts), falsifying business records in the first degree (seven counts), and official misconduct, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant argues that the trial court improperly admitted into evidence various documents. The majority of these documents were properly admitted under the business records exception to the hearsay rule (*see* CPLR 4518 [a]; 4539 [a]; *Ed Guth Realty v Gingold*, 34 NY2d 440, 446 [1974]; *People v Haque*, 70 AD3d 967 [2010]; *Kaliontzakis v Papadakos*, 69 AD3d 803 [2010]; *Matter of Thomma*, 232 AD2d 422 [1996]; *People v Weinberg*, 183 AD2d 932 [1992]). To the extent that any document was improperly admitted into evidence, the error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to her conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Miller*, 59 AD3d 463 [2009]).

The defendant's contention that the prosecutor's remarks during summation constituted reversible error is unpreserved for appellate review. The defendant either failed to object to the remarks or her objections were sustained without any further request for curative instructions or a mistrial (*see* CPL 470.05 [2]; *People v Dorsette*, 47 AD3d 728 [2008]; *People v Carter*, 36 AD3d 624 [2007]). In any event, the challenged remarks, for the most part, were fair comment on the evidence or were responsive

to defense counsel's summation (*see People v Crawford*, 54 AD3d 961 [2008]; *People v Applewhite*, 50 AD3d 1046 [2008]). Although one of the remarks was improper, it was not so egregious as to deprive the defendant of a fair trial (*see People v Philbert*, 60 AD3d 698 [2009]; *People v Nisvis*, 56 AD3d 574 [2008]). Skelos, J.P., Eng, Belen and Hall, JJ., concur.