■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE SIMMONS, Appellant. [940 NYS2d 156]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Wetzel, J.), rendered October 16, 2009, convicting him of sexual abuse in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of sexual abuse in the first degree under count eight of the indictment is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Padro*, 75 NY2d 820, 821 [1990]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support his conviction under that count. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court did not improvidently exercise its discretion in admitting into evidence the testimony of an expert witness that the lack of physical trauma to the complainant was not inconsistent with the occurrence of a forcible sexual assault (*see People v Menendez*, 50 AD3d 1061, 1061-1062 [2008]; *People v Heer*, 12 AD3d 1154, 1155 [2004]). That testimony, fairly

interpreted, did not suggest or imply that the lack of trauma was evidence that the complainant was being truthful or that the expert believed that the complainant was being truthful. Rather, it was admitted, properly, to assist the jury in determining the significance of the absence of physical trauma (*cf. People v McDaniel*, 81 NY2d 10, 16-17 [1993]; *People v Carroll*, 300 AD2d 911, 914 [2002]). Further, the defendant elicited testimony from the expert about the incidence of false claims of sexual assault, and he did not move to strike that testimony, so he has no basis to complain about it now (*see People v Stalter*, 77 AD3d 776, 777 [2010]; *People v Fraley*, 183 AD2d 781, 782 [1992]; *People v Concepcion*, 175 AD2d 324, 326 [1991]).

The Supreme Court did not err in imposing consecutive sentences on the sexual abuse in the first degree convictions under counts nine and ten of the indictment, inasmuch as the evidence at trial demonstrated that the two offenses were committed through separate and distinct acts (*see People v Rodriguez*, 49 AD3d 433, 435 [2008]; *People v Wynn*, 35 AD3d 283, 284 [2006]).

The defendant's remaining contentions are without merit. Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.