Defendant’s right of confrontation was not violated by testimony by the People’s expert DNA analyst that made reference to data gathered by nontestifying technicians (see People v Brown, 13 NY3d 332 [2009]). Williams v Illinois (567 US —, —, 132 S Ct 2221, 2242-2244 [2012]) provides further support for the proposition that the DNA evidence in this case did not violate the Confrontation Clause.
The court erred in ruling that class sign-in sheets from the program defendant was enrolled in on the date of the crime were admissible under the business records exception to the hearsay rule. The evidence did not establish that these records were kept “regularly, systematically[ and] routinely” (People v Kennedy, 68 NY2d 569, 579 [1986]), or that if kept in the regular course of business, they were “needed and relied on in the performance of the functions of the business” (People v Cratsley, 86 NY2d 81, 89 [1995]). There was no other basis for admissibility. However, the error was harmless in light of the overwhelming evidence of defendant’s guilt, including the DNA match (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence. Concur— Tom, J.P, Mazzarelli, Catterson, Renwick and DeGrasse, JJ.