The trial court properly denied the defendant’s challenge for cause to a prospective juror. There was no evidence in the record that the juror had “a state of mind that [was] likely to preclude [her] from rendering an impartial verdict based upon the evidence adduced at the trial” (CPL 270.20 [1] [b]; see People v Callaghan, 220 AD2d 609 [1995]). Further, the record supports the court’s determination that the prospective juror’s ability to communicate in the English language was sufficient (see CPL 270.20 [1] [a]; People v Chohan, 254 AD2d 124 [1998]). Contrary to the defendant’s additional contention, defense counsel’s decision not to exercise a peremptory challenge against that prospective juror after the court denied his challenge for cause did not constitute ineffective assistance of counsel (see People v Caban, 5 NY3d 143 [2005]; People v Benevento, 91 NY2d 708 [1998]).
*1152 There is no merit to the defendant’s contention that he was denied his right to present a defense or to confront the witnesses against him because the Supreme Court precluded certain questions regarding police investigation of the crime. The defendant had the opportunity to question the arresting officer regarding the presence of another vehicle at the scene where the defendant was stopped and arrested, and the few questions that were not permitted were irrelevant and would have confused the main issue and misled the juiy (see People v Hayes, 17 NY3d 46, 52-54 [2011], cert denied 565 US —, 132 S Ct 844 [2011]; People v Sawyer, 304 AD2d 775 [2003]). Skelos, J.P., Hall, Roman and Cohen, JJ., concur.