■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLIVER CASE, Appellant. [979 NYS2d 383]—

At trial, the complainant testified that, on a Brooklyn street in daylight, the defendant shot him in the right knee. The complainant had known the defendant for approximately two years when the shooting occurred. The People sought to introduce into evidence portions of several recorded telephone calls between the defendant and his friends, which were placed when the defendant was incarcerated on Rikers Island, on the grounds that the calls contained admissions of guilt, as well as evidence of the defendant's consciousness of guilt. In particular, during the calls, the defendant admitted that he had shot the complainant, indicated that he was trying to sell a gun, and discussed plans to intimidate or coerce the complainant so that he would not testify. Following a hearing, and over defense objections, portions of 17 recorded telephone calls, placed between June 15, 2010, and August 29, 2010, were admitted into evidence and played for the jury.

Portions of five recordings were properly admitted into evidence since they contained admissions that the defendant had shot the complainant (*see People v Caban*, 5 NY3d 143, 151

[2005]; *People v Chico*, 90 NY2d 585, 589 [1997]; *Reed v Mc-Cord*, 160 NY 330, 341 [1899]). The People "were not bound to stop after presenting minimum evidence but could go on and present all the admissible evidence available to them, regardless of the trial strategy [the] defendant adopted" (*People v Alvino*, 71 NY2d 233, 245 [1987]; *see People v Royster*, 43 AD3d 758, 759 [2007]). In addition, one of those recordings also was properly admitted because it contained evidence that the defendant owned a pistol and was trying to dispose of it after his arrest. While the defendant contends that, in the recording, he was not discussing the pistol used to shoot the complainant, any uncertainty as to the identification of the gun affects only the weight to be given to the recording, not its admissibility (*see People v Shenouda*, 283 AD2d 446 [2001]; *cf. People v Inesti*, 95 AD3d 690, 692 [2012]).

The Supreme Court also properly admitted into evidence portions of 13 recordings, including one of those previously addressed, documenting a plot among the defendant and his friends to coerce the complainant into not testifying. "Certain postcrime conduct is 'indicative of a consciousness of guilt, and hence of guilt itself' " (*People v Bennett*, 79 NY2d 464, 469 [1992], quoting *People v Reddy*, 261 NY 479, 486 [1933]). "Even equivocal consciousness-of-guilt evidence may be admissible so long as it is relevant, meaning that it has a tendency to establish the fact sought to be proved—that [the] defendant was aware of guilt" (*People v Bennett*, 79 NY2d at 470). Here, the probative value of this evidence outweighed its potential for prejudice (*see People v Anderson*, 76 AD3d 980, 981 [2010]).

The defendant's contentions that the Supreme Court should have given certain limiting instructions are unpreserved for appellate review, as he never requested that these instructions be given (*see* CPL 470.05 [2]; *People v LaPetina*, 9 NY3d 854, 855 [2007]; *People v Bibbes*, 98 AD3d 1267, 1269 [2012], *amended on rearg* 100 AD3d 1473 [2012]; *People v Chin*, 69 AD3d 752 [2010]; *People v Norman*, 40 AD3d 1128, 1130 [2007]). Similarly unpreserved for appellate review are the defendant's contentions regarding the prosecutor's summation (*see* CPL 470.05 [2]; *People v Todd*, 108 AD3d 684 [2013]; *People v Alexander*, 100 AD3d 649, 650 [2012]). In any event, as to these unpreserved issues, any errors here were harmless given the overwhelming evidence of guilt, and the lack of significant probability that any such errors contributed to the conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Ross*, 104 AD3d 878, 880 [2013]; *see also People v Cintron*, 95 NY2d 329, 332-333 [2000]).

874

The defendant's remaining contention is without merit. Rivera, J.P., Dillon, Roman and Miller, JJ., concur.