*581 Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered October 17, 2011, as amended October 20, 2011, convicting defendant, after a nonjury trial, of course of sexual conduct against a child in the first degree, and sentencing him to a term of 20 years, unanimously affirmed.
The verdict was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court’s credibility determinations, including its resolution of inconsistencies in testimony. The victim’s mother, who caught defendant in his final act of sexual conduct toward the victim, provided significant corroborating testimony.
The submissions on defendant’s CPL 440.10 motion to vacate the judgment are not properly before this Court because defendant did not obtain leave to appeal from the denial of the motion (see CPL 450.15 [1]; 460.15; People v Dukes, 284 AD2d 236 [2001], lv denied 97 NY2d 681 [2001]). “Defendant’s request that the bench for this appeal entertain a leave application is procedurally improper because CPL 460.15 specifically provides that such an application can only be made to an individual justice, and can only be made once” (People v Wilkov, 77 AD3d 512, 513 [1st Dept 2010], lv denied 16 NY3d 746 [2011]).
Since defendant’s objection to expert testimony was made on completely different grounds from those raised on his appeal, he did not preserve his appellate claim that the expert’s testimony was improper because it was tailored to the facts of the case (see e.g. People v Garcia, 83 NY2d 817, 819 [1994]). Defendant’s constitutional claim is likewise unpreserved (see People v Lane, 7 NY3d 888, 889 [2006]). We decline to review these claims in the interest of justice, and as alternative holding, we reject them on the merits. The court properly exercised its discretion in admitting expert testimony on child sexual abuse as an aid in reaching a verdict (see People v Taylor, 75 NY2d 277, 288 [1990]). The expert, Dr. Eileen Treacy, discussed in general terms how a child might react to sexual abuse, and when and to whom a child might reveal the abuse. Significantly, the expert’s testimony did not include responses to any hypothetical tailored to the facts of the case or otherwise imply that the expert found the testimony of the particular complainant to be credible (compare People v Williams, 20 NY3d 579, 584 [2013]; see People v Spicola, 16 NY3d 441, 462-467 [2011], cert denied 565 US —, 132 S Ct 400 [2011]).
We perceive no basis for reducing the sentence.
Concur— Gonzalez, EJ., Mazzarelli, Renwick, Feinman and Gische, JJ.