■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN ROBINSON, Appellant. [987 NYS2d 457]—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered November 29, 2011, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The County Court properly denied, without a hearing, that branch of the defendant's omnibus motion which was to suppress physical evidence. The defendant's supporting papers were conclusory and failed to set forth factual allegations sufficient to warrant a hearing (*see* CPL 710.60 [3]; *People v Bryant*, 8 NY3d 530, 533 [2007]; *People v Mendoza*, 82 NY2d 415, 427 [1993]; *People v Gruden*, 42 NY2d 214, 218 [1977]; *People v Smith*, 69 AD3d 657, 657 [2010]).

The defendant failed to preserve for appellate review his contention that the County Court improperly permitted two New York State Troopers, who were not formally qualified as

expert witnesses, to testify regarding the street value of 647 80-milligram Oxycodene pills that were recovered from him, that, based on the number of pills recovered, they were not for personal use, and that a Mountain Dew can with a "false bottom" seized from the defendant was an object used to secretly transport narcotics. In any event, the defendant's contention is without merit. Although not formally qualified as expert witnesses, the Troopers demonstrated through their testimony that they had sufficient experience to qualify as expert witnesses on street-level drug dealing (*see People v Tevaha*, 204 AD2d 92, 93 [1994], *affd* 84 NY2d 879 [1994]; *People v Lacend*, 216 AD2d 112 [1995]; *see also People v Syshawn*, 200 AD2d 778 [1994]).

The County Court properly admitted into evidence the Mountain Dew can as evidence of the defendant's intent to sell drugs (*see People v Randolph*, 157 AD2d 866 [1990]; *United States v Carlson*, 613 F3d 813, 820 [8th Cir 2010]; *see also People v McCray*, 51 NY2d 594, 605 [1980]; *People v Whitney*, 224 AD2d 648 [1996]; *People v Williams*, 195 AD2d 889, 890 [1993]; *People v Jones*, 138 AD2d 405 [1988]).

The defendant's contention that the sentence imposed was based on considerations not presented in evidence is unpreserved for appellate review (*see People v Jorgensen*, 113 AD3d 793, 795 [2014]; *People v Harris*, 101 AD3d 900 [2012]) and, in any event, without merit (*see People v Jorgensen*, 113 AD3d at 795). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Chambers, J.P., Austin, Hinds-Radix and Duffy, JJ., concur.