■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANIKA CORDOVA, Appellant. [9 NYS3d 90]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Modica, J.), rendered November 9, 2011, convicting her of grand larceny in the third degree and falsifying business records in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The People adduced evidence that the defendant, a parking lot cashier, manually changed computer entries to make it appear as if certain parking lot transactions were complimentary, while she actually charged customers and took over $6,000 from them. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of grand larceny in the third degree and falsifying business records in the first degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (*see* CPL 470.15 [5]).

Nevertheless, reversal is required in light of the erroneous admission into evidence of People's Exhibit 4. People's Exhibit 4 was a spreadsheet containing a comparison between the defendant's manual entries and computer-generated data regarding the subject parking transactions. In order to lay a proper foundation for the admission of evidence under the business record exception to the hearsay rule, the proponent thereof must establish that the subject record was "made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter" (CPLR 4518 [a]; *see People v Cratsley*, 86 NY2d 81, 89 [1995]). Here, the People failed to establish a sufficient foundation to permit the court to admit People's Exhibit 4 into evidence under the business record exception to the hearsay rule (*see People v Kennedy*, 68 NY2d 569, 580-581 [1986]; *People v Vargas*, 99 AD3d 481 [2012]; *People v McCollough*, 283 AD2d 522 [2001]). Since the error was not harmless, we remit the matter for a new trial (*see People v Wolters*, 41 AD3d 518, 519 [2007]; *People v Perkins*, 189 AD2d 830, 833 [1993]). Dillon, J.P., Dickerson, Hall and LaSalle, JJ., concur.