◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MCPHILLIPS, Appellant. [21 NYS3d 134]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered November 16, 2012,

convicting him of rape in the first degree, criminal sexual act in the first degree (two counts), sexual abuse in the first degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the defendant's trial, the County Court allowed the People to elicit testimony from the complainant as to statements made by the defendant about a prior period of incarceration. The complainant testified that, after sexually assaulting her, the defendant told her that he had to kill her because he feared that she would report the incident, and that he said to her "I'm not going back to prison." The defendant's claim that this testimony constituted inadmissible hearsay is without merit. To the extent that the subject statement "has a content that can be characterized as true or false" (*People v Kass*, 59 AD3d 77, 86 [2008]), it constituted an implicit acknowledgment by the defendant that he had engaged in conduct that would result in him "going back to prison." Thus, the statement contained an "implied admission of guilt" (*People v Koestler*, 176 AD2d 1207, 1208 [1991]), and was therefore admissible under the party admissions exception to the hearsay rule (*see People v Nealy*, 32 AD3d 400, 402 [2006]; *People v Thomas*, 300 AD2d 1034 [2002]; *People v Swart*, 273 AD2d 503, 505 [2000]).

The defendant also claims that this statement, as well as two other statements that he made evidencing prior criminal conduct, were unduly prejudicial and were admitted to demonstrate a propensity to commit the crimes charged. The second statement was elicited through testimony of a police officer that demonstrated a familiarity between the defendant and that officer, because they addressed each other by name at the time of the defendant's arrest. The third statement, in which the defendant acknowledged he had recently been released from jail, was part of the defendant's written statement, and was read into the record by another police officer. Contrary to the People's contention, the defendant preserved these contentions for appellate review (*see* CPL 470.05 [2]; *People v Judd*, 96 AD3d 784 [2012]).

Evidence of prior crimes or bad acts is not admissible to show a defendant's predisposition to criminal conduct (*see People v Molineux*, 168 NY 264, 291-293 [1901]; *People v Norman*, 40 AD3d 1128, 1129 [2007]). Such evidence, however, is admissible when it is relevant to a material issue in the case, and the probative value of the evidence outweighs the potential prejudice to the defendant (*see People v Ingram*, 71 NY2d 474, 479-480 [1988]; *People v Norman*, 40 AD3d at 1129; *cf. People v*

*Hudy*, 73 NY2d 40, 54-55 [1988]). We agree with the defendant that the County Court erred in allowing these statements to be admitted into evidence, as the prosecutor failed to establish that any of the comments were relevant to a material issue in the case (*see People v Cass*, 18 NY3d 553, 559 [2012]; *People v Alvino*, 71 NY2d 233, 242 [1987]; *People v Ventimiglia*, 52 NY2d 350, 359 [1981]; *People v Molineux*, 168 NY at 297-305; *People v Judd*, 96 AD3d 784 [2012]). Nonetheless, the error in admitting the statements revealing the defendant's prior criminal history was harmless, because the evidence of the defendant's guilt was overwhelming and there was no significant probability that the error contributed to his convictions (*see People v Arafet*, 13 NY3d 460, 467 [2009]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Judd*, 96 AD3d at 784).

The defendant also contends that the evidence was legally insufficient to support his convictions and that the verdict was against the weight of the evidence. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 420 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the County Court did not improvidently exercise its discretion in permitting the prosecution to present rebuttal testimony (*see* CPL 260.30 [7]; *People v Harris*, 98 NY2d 452, 489-490 [2002]; *People v Harris*, 57 NY2d 335, 345 [1982]; *People v Henrius*, 6 AD3d 548, 549 [2004]; *People v James*, 285 AD2d 561 [2001]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]). Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur.