People v Tebout (2020 NY Slip Op 00621)





People v Tebout


2020 NY Slip Op 00621


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-09826
 (Ind. No. 2171/14)

[*1]The People of the State of New York, respondent,
v
Ali R. Tebout, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Glenn Green and Thomas C. Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered August 9, 2016, convicting him of criminal sexual act in the first degree (two counts) and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged in a five-count indictment with criminal sexual act in the first degree (two counts), sexual abuse in the first degree (two counts), and endangering the welfare of a child in connection with the alleged sexual abuse of his 10-year-old daughter. At the defendant's first trial, the County Court accepted a partial verdict of guilt on count 5 of the indictment, which charged the defendant with endangering the welfare of a child, and declared a mistrial with respect to the remaining four counts, on which the jury was unable to reach a verdict. After a second trial, the jury found the defendant guilty of the remaining counts of the indictment.
The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484; People v Gray, 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the trial judge should have recused himself, sua sponte, from deciding the defendant's motion in limine to preclude certain expert testimony is unpreserved for appellate review (see CPL 470.05[2]; People v Harris, 133 AD3d 880, 880; People v Doyle, 15 AD3d 674, 675; People v Jackson, 185 AD2d 363, 363) and, in any event, without merit. Where, as here, there was no basis for mandatory recusal under Judiciary Law § 14, it was up to the [*2]conscience and discretion of the trial judge to decide whether or not to recuse himself (see People v Moreno, 70 NY2d 403, 405-406). Based on the record before us, the trial judge did not improvidently exercise his discretion in failing to recuse himself.
The County Court providently exercised its discretion in permitting the testimony of the People's expert witness on the subject of child sexual abuse accommodation syndrome. The expert's testimony "was properly admitted to explain the issue of delayed disclosure and to counter the defense claim that the complainant fabricated the sexual abuse allegations" (People v Gopaul, 112 AD3d 966, 966; see People v Nicholson, 26 NY3d 813; People v Davis, 118 AD3d 906). Contrary to the defendant's contention, this testimony neither bolstered nor vouched for the complainant's credibility, as the expert spoke in general terms and did not suggest that the charged crimes occurred (see People v Spicola, 16 NY3d 441; People v Taylor, 165 AD3d 707; People v Gooley, 156 AD3d 1231; People v Rodriguez, 115 AD3d 580).
The defendant's double jeopardy claim is without merit, as he implicitly consented to a mistrial on counts 1 through 4 of the indictment by asking the County Court to take a partial verdict on count 5 (see Matter of Gentil v Margulis, 26 NY3d 1027, 1027; People v Ferguson, 67 NY2d 383).
The defendant's contention that the County Court erred in permitting the People to elicit evidence of his prior bad acts is without merit (see People v Dorm, 12 NY3d 16, 19; People v Molineux, 168 NY 264). The court providently exercised its discretion in admitting this evidence, as it provided necessary background information to explain the complainant's delayed disclosure, provided necessary background information on the nature of the relationship between the defendant and the complainant, placed the events in question in an understandable context, and the probative value of the evidence outweighed its prejudicial effect (see People v Nicholson, 26 NY3d at 829-830; People v Gamble, 18 NY3d 386, 398; People v Leeson, 12 NY3d 823, 827; People v Whitson, 166 AD3d 663, 664).
The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is largely unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Wells, 161 AD3d 1200, 1200-1201; People v Spigner, 153 AD3d 1289, 1289-1290). In any event, most of the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to defense counsel's summation (see People v Ashwal, 39 NY2d 105, 109-110; People v Brooks, 154 AD3d 955, 956; People v Owens, 129 AD3d 995, 997). To the extent that some of the prosecutor's remarks were improper, those remarks were not so flagrant or pervasive so as to deprive the defendant of a fair trial, and any prejudicial effect was alleviated by the court's curative instructions (see People v Hernandez, 166 AD3d 647, 649; People v Wells, 161 AD3d at 1201; People v Joubert, 125 AD3d 686, 686).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court