People v Shane (2020 NY Slip Op 06152)





People v Shane


2020 NY Slip Op 06152


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-05702
 (Ind. No. 2004/14)

[*1]The People of the State of New York, respondent,
v
Clifford Shane, appellant.


Paul Skip Laisure, New York, NY (Rebecca J. Gannon of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Katherine A. Triffon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered May 17, 2016, convicting him of rape in the first degree, criminal sexual act in the first degree (four counts), sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Daniel Lewis, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of rape in the first degree, criminal sexual act in the first degree (four counts), sexual abuse in the first degree, and endangering the welfare of a child in relation to conduct perpetrated by the defendant against his stepdaughter.
Contrary to the defendant's contention, the People met their burden of establishing that the defendant knowingly and voluntarily waived his Miranda rights (see Miranda v Arizona, 384 US 436) before making statements to law enforcement officials (see Berghuis v Thompkins, 560 US 370, 382-383; People v Thomas, 22 NY3d 629, 641). At the suppression hearing, the testimony of a detective established that the detective gave the defendant written Miranda warnings and that the defendant read the written warnings, wrote "yes" and signed his name next to each of the warnings, and indicated that he understood his rights and was willing to speak with the detective. This evidence was sufficient to establish a knowing, intelligent, and voluntary waiver (see People v Sirno, 76 NY2d 967, 968; People v Fuentes, 185 AD3d 960, 961; People v Peraza, 288 AD2d 689, 690). Accordingly, we agree with the Supreme Court's determination denying that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
The Supreme Court providently exercised its discretion in permitting the testimony of the People's expert witness on the subject of child sexual abuse accommodation syndrome. The expert's testimony was properly admitted to explain the issue of delayed disclosure, to counter the defense claim that the complainant fabricated the sexual abuse allegations, and to explain why the complainant might not recall with specificity when certain of the alleged incidents occurred (see People v Nicholson, 26 NY3d 813, 828-829; People v Tebout, 179 AD3d 1099, 1101; People v [*2]Gopaul, 112 AD3d 966, 966). Contrary to the defendant's contention, the majority of the expert's testimony neither bolstered nor vouched for the complainant's credibility, as the expert spoke in general terms and did not suggest that the charged crimes occurred (see People v Diaz, 20 NY3d 569, 575-576; People v Tebout, 179 AD3d at 1101). We agree with the defendant, however, that the expert's testimony did exceed permissible bounds when the prosecutor tailored two hypothetical questions to include facts concerning the abuse that occurred in this particular case (see People v Williams, 20 NY3d 579, 584). However, this error was harmless because the evidence of the defendant's guilt, which included the complainant's testimony and the defendant's own admissions, was overwhelming, and there was no significant probability that, but for the introduction of the erroneous portion of the expert's testimony, the defendant would have been acquitted (see id. at 585).
The sentence imposed was not unduly harsh or severe (see CPL 470.15[6][b]).
In light of our determination, we do not reach the parties' remaining contentions.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court