People v Alvarenga (2021 NY Slip Op 00185)





People v Alvarenga


2021 NY Slip Op 00185


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-03771
 (Ind. No. 1426/18)

[*1]The People of the State of New York, respondent,
v
Pablo Alvarenga, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Rosalind C. Gray and Marion
Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Karen M. Wilutis, J.), rendered March 13, 2019, convicting him of burglary in the second degree, burglary in the second degree as a sexually motivated felony, attempted rape in the first degree, and intimidating a victim in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
We agree with the County Court's determination, made after a Huntley hearing (see People v Huntley, 15 NY2d 72), denying that branch of the defendant's omnibus motion which was to suppress his oral and written statements to law enforcement officials. The record establishes that the defendant knowingly, voluntarily, and intelligently waived his rights under Miranda v Arizona (384 US 436) prior to making his statements (see People v Torres, 177 AD3d 579; People v Capela, 97 AD3d 760, 761; see also People v Martinez, 68 AD3d 1757, 1758). The evidence presented at the suppression hearing demonstrated that an officer translated the Miranda rights into Spanish for the Spanish-speaking defendant and that the defendant's written statement was read back to him in Spanish before he signed and adopted the statement as his own (see People v Zelaya, 170 AD3d 1206, 1207; People v Mora, 57 AD3d 571, 572).
The defendant's further contention that the County Court erred in denying that branch of his omnibus motion which was to suppress his statements because law enforcement officials failed to videotape his statements is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court