People v Ranot (2021 NY Slip Op 03201)





People v Ranot


2021 NY Slip Op 03201


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2016-10642
 (Ind. No. 117/15)

[*1]The People of the State of New York, respondent,
v
Sheetal Ranot, appellant.


Mischel & Horn, P.C., New York, NY (Richard E. Mischel and Gail Jacobs of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Mariana Zelig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered September 8, 2016, convicting her of assault in the first degree and endangering the welfare of a child, upon a jury verdict, and sentencing her to a determinate term of imprisonment of 15 years plus 5 years of postrelease supervision on the conviction of assault in the first degree and a concurrent definite term of imprisonment of 1 year on the conviction of endangering the welfare of a child.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of assault in the first degree from a determinate term of imprisonment of 15 years plus 5 years of postrelease supervision to a determinate term of imprisonment of 8 years plus 5 years of postrelease supervision; as so modified, the judgment is affirmed.
Following a jury trial, the defendant was convicted of assault in the first degree and endangering the welfare of a child in connection with the defendant's conduct toward her stepdaughter (hereinafter the victim), including striking the victim with a "sharp" metal handle of a broom, which resulted in permanent injury to the victim's wrist.
The defendant's contention that the evidence was legally insufficient to establish that she intended to cause serious physical injury is unpreserved for appellate review (see People v Cabrera, 61 AD3d 884, 884-885; People v Dosunmu, 267 AD2d 320, 320; People v Camus, 255 AD2d 392, 392). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant acted with intent to cause serious physical injury to the victim (see Penal Law §§ 10.00[10]; 120.10[1]), which may be inferred from the defendant's conduct and the surrounding circumstances (see People v Bracey, 41 NY2d 296, 303). Further, the evidence was legally sufficient to establish beyond a reasonable doubt that the defendant endangered the welfare of a child (see People v Contes, 60 NY2d at 621). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon [*2]reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court properly denied her request to submit assault in the second degree to the jury as a lesser included offense of assault in the first degree. "A party who seeks to have a lesser included crime charged to the jury must satisfy a two-pronged inquiry" (People v Rivera, 23 NY3d 112, 120; see People v Glover, 57 NY2d 61, 63). "First, the crime must be a lesser included offense" (People v Rivera, 23 NY3d at 120), meaning that "it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct" (People v Van Norstrand, 85 NY2d 131, 135). "Second, the party making the request for a charge-down 'must then show that there is a reasonable view of the evidence in the particular case that would support a finding that [the defendant] committed the lesser included offense but not the greater'" (People v Rivera, 23 NY3d at 120, quoting People v Glover, 57 NY2d at 63; see CPL 300.50[1]). Here, the defendant established the first prong. However, viewing the record in the light most favorable to the defendant (see People v Martin, 59 NY2d 704, 705), there was no reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater offense (see People v Rivera, 23 NY3d at 124).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., AUSTIN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court