People v Garcia (2021 NY Slip Op 05980)





People v Garcia


2021 NY Slip Op 05980


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-05029
 (Ind. No. 581/17)

[*1]The People of the State of New York, respondent,
v
Ovidio A. Rosales Garcia, appellant.


Joseph A. Hanshe, Sayville, NY (Alia F. Richards of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Elena Tomaro and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered March 6, 2018, convicting him of rape in the second degree (two counts) and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The County Court properly denied that branch of the defendant's omnibus motion which was to suppress his oral and written statements to law enforcement officials. The record establishes that the defendant knowingly, voluntarily, and intelligently waived his rights under Miranda v Arizona (384 US 436) prior to making his statements (see People v Torres, 177 AD3d 579; People v Capela, 97 AD3d 760, 761). The evidence presented at the suppression hearing demonstrated that a detective read the Miranda rights in Spanish for the Spanish-speaking defendant, who confirmed that he understood the rights read to him (see People v Alvarenga, 190 AD3d 762; People v Zelaya, 170 AD3d 1206). Further, while the defendant's written statement was transcribed into English by the interviewing detective, that statement was not thereby rendered inadmissible because the detective read it back to the defendant in Spanish before the defendant signed and adopted the statement as his own (see People v Torres, 177 AD3d at 579; People v Mora, 57 AD3d 571; People v Fabricio, 307 AD2d 882, 883, affd 3 NY3d 402).
The defendant's contention that the County Court improvidently exercised its discretion in permitting the testimony of the People's expert witness on the subject of child sexual abuse is unpreserved for appellate review (see CPL 470.05[2]). In any event, the expert's testimony was properly admitted to explain the issue of delayed disclosure in child victims of sexual abuse (see People v Nicholson, 26 NY3d 813, 828-829; People v Shane, 187 AD3d 1219, 1220; People v Tebout, 179 AD3d 1099, 1101). Contrary to the defendant's contention, the expert's testimony neither bolstered nor vouched for the complainant's credibility, as the expert spoke in general terms and did not suggest that the charged crimes occurred (see People v Diaz, 20 NY3d 569, 575-576; People v Galvez, 188 AD3d 1251, 1252; People v Shane, 187 AD3d at 1220).
Contrary to the defendant's contention, the County Court properly denied his request to submit attempted rape in the second degree to the jury as a lesser included offense of rape in the second degree. "To establish a charge on a lesser included offense, a defendant must show both that the greater crime cannot be committed without having concomitantly committed the lesser by the same conduct, and that a reasonable view of the evidence supports a finding that he or she committed the lesser, but not the greater, offense" (People v James, 11 NY3d 886, 888; see People v Cook, 193 AD3d 760, 760). Here, the defendant established the first prong. However, viewing the record in the light most favorable to the defendant (see People v Martin, 59 NY2d 704, 705; People v Ranot, 194 AD3d 967, 968), there was no reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater offense (see People v Ranot, 194 AD3d at 968; People v Coley, 266 AD2d 307, 307).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of both counts of rape in the second degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LASALLE, P.J., AUSTIN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court