People v Leggio (2025 NY Slip Op 02086)

People v Leggio

2025 NY Slip Op 02086

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-05958
 (Ind. No. 70520/22)

[*1]The People of the State of New York, respondent,
v
John I. Leggio, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Meaghan Powers, Marion Tang, Glenn Green, and Pilar O'Rourke of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Karen M. Wilutis, J.), rendered June 26, 2023, convicting him of course of sexual conduct against a child in the second degree and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of one count of course of sexual conduct against a child in the second degree and two counts of endangering the welfare of a child in relation to conduct perpetrated by the defendant against the two daughters of his former girlfriend.
The defendant's challenge to the legal sufficiency of the evidence is partially unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial because the County Court permitted opinion testimony from a witness on common characteristics and behaviors among children who have been sexually abused without qualifying the witness as an expert is unpreserved for appellate review (see CPL 470.05[2]). In any event, the contention is without merit. The court was not required to formally declare or certify the witness to be an expert (see People v Ratliff, 165 AD3d 845, 846; People v West, 86 AD3d 583, 583-584). The witness's testimony concerning her qualifications and experience provided a sufficient foundation for her opinion testimony (see People v Ratliff, 165 AD3d at 846; People v Prowse, 60 AD3d 703, 704). Contrary to the defendant's contention, the subject matter was not within the common knowledge or experience of the average [*2]layperson, and the testimony did not invade the province of the jury (see People v Williams, 20 NY3d 579, 583-584; People v Diaz, 20 NY3d 569, 575-576). Contrary to the defendant's further contention, the record demonstrates that the court allowed him to fully cross-examine the witness about her prior cases. The few questions that were not permitted were irrelevant and would have confused the main issue and misled the jury (see People v Delgado, 221 AD3d 909, 912; People v Herring, 101 AD3d 1151, 1152).
The defendant's contention that the County Court allowed the admission of certain testimony in violation of People v Molineux (168 NY 264) is without merit. "[T]he familiar Molineux rule states that evidence of a defendant's uncharged crimes or prior misconduct is not admissible if it cannot logically be connected to some specific material issue in the case, and tends only to demonstrate the defendant's propensity to commit the crime charged" (People v Cass, 18 NY3d 553, 559). Such evidence may be admissible, however, where, among other possibilities, it completes the narrative of the events charged in the indictment or provides necessary background information (see People v Morris, 21 NY3d 588, 594), and the probative value of the evidence outweighs its potential for prejudice (see People v Cass, 18 NY3d at 560; People v Allweiss, 48 NY2d 40, 46-47). Here, the challenged testimony completed the narrative and provided background information explaining the older child's state of mind and the timing of her disclosure of the abuse (see People v Dorm, 12 NY3d 16, 19; People v Delacruz, 207 AD3d 652, 654).
Contrary to the defendant's contention, his conviction of endangering the welfare of a child as charged in count 3 of the indictment was not subject to dismissal as an inclusory concurrent count of course of sexual conduct against a child in the second degree as charged in count 1 of the indictment (see CPL 300.40[3][b]). Concurrent counts are "inclusory" when the offense charged in one is greater than that charged in the other and when the latter is a lesser offense included within the greater (id. § 300.30[4]). A crime will be considered a lesser included offense only when the greater crime theoretically could not be committed without the lesser offense also being committed (see CPL 1.20[37]; People v Glover, 57 NY2d 61, 63-64; People v Green, 56 NY2d 427, 430-431). The defendant's conviction of endangering the welfare of a child required proof that he "knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old" (Penal Law § 260.10[1]), an element not required to prove his guilt of the greater offense of course of sexual conduct against a child in the second degree (id. § 130.80[1][b]). Thus, endangering the welfare of a child as charged in count 3 of the indictment was not an inclusory concurrent count of course of sexual conduct against a child in the second degree as charged in count 1 of the indictment (see People v Ross, 119 AD3d 961, 963; see also People v Beauharnois, 64 AD3d 996, 999-1000).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court