People v Hires (2025 NY Slip Op 03734)

People v Hires

2025 NY Slip Op 03734

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2022-07811
 (Ind. No. 1236/19)

[*1]The People of the State of New York, respondent,
v
Lucas L. Hires, appellant.

John Ray, Miller Place, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Jamie H. Greenwood, Marion Tang, and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered August 10, 2022, convicting him of course of sexual conduct against a child in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the County Court improperly admitted recorded conversations between himself and the complainant's mother is without merit. These recordings included, among other things, admissions by the defendant that he sexually abused the complainant and were accordingly "admissible under the party admissions exception to the hearsay rule" (People v McPhillips, 133 AD3d 785, 786; see People v Chico, 90 NY2d 585, 589; People v Case, 113 AD3d 872). Moreover, the recordings were also properly admitted for the relevant, nonhearsay purpose of "complet[ing] the narrative of events leading to the defendant's arrest" (People v Armstrong, 210 AD3d 900, 900; see People v Trantham, 225 AD3d 714), and the statements in the recordings by participants other than the defendant were not offered for the truth of their contents but rather to explain the context of the defendant's demeanor and statements (see People v Kass, 59 AD3d 77, 87; People v Perez, 9 AD3d 376, 377).
The defendant's contention that the County Court improperly allowed expert testimony without qualifying the witnesses as experts is largely unpreserved for appellate review (see CPL 470.05[2]; People v Leggio, ____ AD3d ____, 2025 NY Slip Op 02086; People v Ratliff, 165 AD3d 845). In any event, this contention is without merit. The witnesses' testimony concerning their qualifications and experience provided a sufficient foundation for their opinion testimony (see People v Leggio, ____ AD3d at ____, 2025 NY Slip Op 02086, *1; People v Ratliff, 165 AD3d at 846; People v Robinson, 118 AD3d 1028, 1029; People v Washington, 108 AD3d 576, 577; People v Prowse, 60 AD3d 703, 704). The court was not required to formally declare or certify the witnesses as experts (see People v Leggio, ____ AD3d at ____, 2025 NY Slip Op 02086, *1; People v Ratliff, 165 AD3d at 846; People v Prowse, 60 AD3d at 704).
Furthermore, the defendant's contention that the County Court improperly permitted [*2]the testimony of an expert witness on the subject of child sexual abuse is without merit. The testimony was properly admitted to explain, inter alia, delayed disclosure by child victims of sexual abuse (see People v Garcia, 199 AD3d 701, 702; People v Shane, 187 AD3d 1219, 1220; People v Gopaul, 112 AD3d 966, 967). Neither did the expert's testimony bolster or vouch for the complainant's credibility. The expert testified in general terms and did not suggest that the charged crimes occurred (see People v Garcia, 199 AD3d at 702; People v Tebout, 179 AD3d 1099, 1101; People v Taylor, 165 AD3d 707, 709).
The defendant's contention, in effect, that the County Court improperly admitted testimony from an expert witness that the absence of physical findings on an examination of the complainant was not inconsistent with a finding that the complainant was sexually abused is unpreserved for appellate review (see CPL 470.05[2]). In any event, this contention is without merit, as such testimony was properly admitted to assist the jury in determining the significance of the absence of physical findings (see People v Simmons, 93 AD3d 739, 739-740; People v Mendoza, 49 AD3d 559, 561).
The defendant's contention that the County Court improperly admitted testimony from a forensic science expert because she did not perform the DNA lab testing is unpreserved for appellate review (see CPL 470.05[2]). In any event, this contention is without merit (see People v Bostic, 236 AD3d 1051; People v Espinosa, 207 AD3d 655, 656). Further, any alleged weaknesses in the expert's testimony went to the credibility and weight of the evidence rather than to its admissibility (see People v Nelson, 186 AD3d 1404, 1405-1406; People v Morency, 93 AD3d 736, 738).
Contrary to the People's contention, however, a proper foundation was not laid for the admission of the complainant's medical report as a business record. For the medical report to be admissible as a business record and, therefore, as an exception to the hearsay rule, there must be testimony from a person with knowledge of the business's record-keeping procedures that the medical report was prepared contemporaneously to the examination of the complainant, that the medical report was prepared in the regular course of business, and that it was the regular course of business to prepare such a medical report (see CPLR 4518[a]; CPL 60.10; People v Cratsley, 86 NY2d 81, 91). Here, the testimony of Gillian Hopgood, the medical director of the Suffolk County Child Advocacy Center (hereinafter the CAC), where the complainant was examined, did not establish a proper foundation for the admission of the medical report. Hopgood, who was not employed by the CAC at the time the examination occurred and did not prepare the medical report, did not provide sufficient testimony concerning the period of time when the report was made and whether it was made in the regular course of the CAC's business at that time (see People v Cordova, 127 AD3d 1227). The error, however, was harmless, as there was overwhelming evidence of the defendant's guilt, and there is no significant probability that the error contributed to his convictions (see People v Dunham, 78 AD3d 1073, 1073).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., WOOTEN, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court